GLR/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

AMIR AFSHAR,

                Plaintiff,

                                          CIVIL ACTION

v.

                                          No. 06-2071-CM-GLR

U.S. DEPARTMENT OF STATE,
and U.S. DEPARTMENT OF
HOMELAND SECURITY,

                Defendants.

## ORDER

      This matter is before the Court on the United States' Motion to Stay Discovery and Cancel Scheduling Conference Scheduled for August 15, 2006 (doc. 19). The motion requests an order staying all discovery, including the requirement that the parties meet for a Rule 26 scheduling conference and prepare the Report of Parties' Planning Meeting, until such time as the Court rules on Defendants' pending Motion to Dismiss, or in the Alternative for Summary Judgment (doc. 13).

      The power to stay proceedings is incidental to the court's inherent power to control the disposition of the cases on its docket.[1] The court may exercise the power to stay to provide economy of time and effort for the court itself and for counsel and litigants appearing before the court.[2] The decision whether to grant a stay is within the district court's discretion; however, the Tenth Circuit has

---

[1] *Universal Premium Acceptance Corp. v. Oxford Bank & Trust,* No. 02-2448-KHV, 2002 WL 31898217, at *1-2 (D. Kan. Dec. 10, 2002) (citing *Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir. 1963)).

[2] *Id.* (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

cautioned that "the right to proceed in court should not be denied except under the most extreme circumstances."[3]

In light of these rules, this Court has adopted a "general policy" of not staying pretrial proceedings even though dispositive motions are pending.[4] Exceptions to this general policy may, however, be made when the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of a broad complaint would be wasteful and burdensome.[5] Another major exception to this policy is made when the party requesting the stay has filed a dispositive motion asserting absolute or qualified immunity.[6]

Applying these standards, the Court determines that a stay is not warranted. Defendants have failed to make a showing of necessity for the stay or that any of the exceptions to the Court's general policy apply so as to justify a stay. Accordingly, the Court will deny the request to stay the action.

---

[3]*Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)

[4]*Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[5]*Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan.1990)).

[6]*See, e.g.*, *Siegert v. Gilley,* 500 U.S. 226, 232 (1991) (until the threshold immunity question is resolved, discovery and other pretrial proceedings should not be allowed); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (when a defendant asserts qualified immunity, the court should grant the defendant's request for stay of discovery until the immunity issue is resolved).

**IT IS THEREFORE ORDERED** that United States' Motion to Stay Discovery and Cancel Scheduling Conference Scheduled for August 15, 2006 (doc. 19) is DENIED.

Dated in Kansas City, Kansas on this 18th day of July, 2006.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

cc:   All counsel and *pro se* parties