## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **AMIR AFSHAR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **No. 06-2071-CM** |
| ) | |
| **UNITED STATES DEPARTMENT OF** ) | |
| **STATE AND UNITED STATES** ) | |
| **DEPARTMENT OF HOMELAND** ) | |
| **SECURITY,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## <u>ORDER</u>

*Pro se* plaintiff Amir Afshar brings this case claiming that defendants, the United States Department of State and Department of Homeland Security, failed to properly process his Moldovan fiancee's visa. According to plaintiff, defendants' actions caused plaintiff's fiancee to marry a German man instead of plaintiff. Plaintiff seeks damages for the $15,000 he directly invested in the relationship, as well as damages for embarrassment, emotional distress, loss of companionship, depression therapy and prescriptions, and loss of employment/wages. The case is before the court on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) or (b)(6), or in the Alternative for Summary Judgment (Doc. 13). For the following reasons, the court grants the motion.

First, plaintiff's claims are barred by the doctrine of sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Bryan v. Office of Personnel Mgmt.*, 165 F.3d 1315, 1318 (10th Cir. 1999). Second, plaintiff lacks standing to claim that the federal agencies improperly processed his

fiancee's visa.  *See Kolev v. Dep't of Homeland Sec.*, 138 Fed. Appx. 3, 4 (9th Cir. 2005) (holding that

the plaintiff lacked standing because his costs of travel arrangements were not traceable to the consulate's

denial of his fiancee's visa).  Third, although plaintiff alleges that he is bringing claims pursuant to the Federal

Tort Claims Act ("FTCA"), he has not exhausted his administrative remedies as required by the FTCA.

*See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993).  Fourth, plaintiff alleges

that defendants engaged in intentional acts of discrimination, but the FTCA's limited waiver of sovereign

immunity does not extend to intentional tort claims.  *See, e.g., Sheridan v. United States*, 487 U.S. 392,

398 (1988).  Fifth, any *Bivens* claim against defendants is not actionable.  *See FDIC v. Meyer*, 510 U.S.

471, 475 (1994) (holding that federal agencies are not subject to *Bivens* actions) (citation omitted).  Sixth,

plaintiff's claims are barred by the doctrine of consular nonreviewability.  *Afshar v. Everitt*, No. 04-1104-

FJG, 2005 WL 2898019, at *2 (W.D. Mo. Oct. 31, 2005) ("Under the doctrine of consular

nonreviewability**,** courts have long found that consular decisions as to immigrant visa applications are not

subject to judicial review.") (*citing Centeno v. Shultz*, 817 F.2d 1212, 1213 (5th Cir. 1987) and *Li Hing*

*of Hong Kong, Inc. v. Levin*, 800 F.2d 970, 970-71 (9th Cir. 1986), among others).  Seventh, the

criminal statutes that plaintiff cites do not create a valid basis for suit; generally, private citizens lack standing

to prosecute alleged violations of criminal laws.  *Martinez v. Ensor*, 958 F. Supp. 515, 518 (D. Colo.

1997) (citations omitted); *see also Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989) (holding that 18

U.S.C. §§ 241 and 242 do not authorize private right of action); *Fed. Sav. & Loan Ins. Corp. v. Reeves*,

816 F.2d 130, 137 (4th Cir. 1987) (finding no civil cause of action under 18 U.S.C. § 1001).  And finally,

plaintiff's claims are barred by the doctrine of *res judicata.  See Allen v. McCurry*, 449 U.S. 90, 94

(1980) ("[A] final judgment on the merits of an action precludes the parties or their privies from relitigating

-2-

issues that were or could have been raised in that action.") (citation omitted).  Plaintiff previously brought a case against the Department of State and a consular officer, which was based on the same facts as those alleged here, in the Western District of Missouri.  *See Afshar*, No. 04-1104-FJG, 2005 WL 2898019.  Judge Gaitan dismissed the case, and plaintiff did not appeal.  Plaintiff may not now relitigate the issues in this court.  *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398-99 (1981) ("A judgment merely voidable [] based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause [of action].") (internal quotation marks and citation omitted).  The doctrine of *res judicata*, standing alone, requires that the court dismiss this case.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) or (b)(6), or in the Alternative for Summary Judgment (Doc. 13) is granted.

**IT IS FURTHER ORDERED** that all remaining motions are denied as moot.

Dated this 31st day of July 2006, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**